GARRISON, Judge.
This is an appeal from a judgment of the district court granting to plaintiff damages in the amount of $1,500.00 plus interest and all costs for injuries sustained by her on February 5, 1981 when plaintiff fell on a NOPSI vehicle. From that judgment, NOPSI appeals.
Plaintiff, Sandra Tucker, boarded the NOPSI bus at South Rampart Street. Because this particular bus route crossed the Greater New Orleans Bridge, the fare was an extra 5 cents. The driver called to plaintiff to put an extra nickle in the fare box. Plaintiff protested payment of the extra nickle as she did not intend to cross the bridge, but would be exiting the bus at a prior stop. Plaintiff’s protests were to no avail and upon the driver’s insistence plaintiff walked to the front of the bus in order to place the extra nickel in the fare box. At that moment, the bus was involved in a near accident with a turning vehicle. As the bus driver “stopped short,” plaintiff was thrown to the floor of the bus, thus incurring injuries.
On appeal, NOPSI raises the following specifications of error:
1. The trial judge was erroneous in his credibility determination; and
2. The trial judge committed an error of law citing the case of Blackmore v. New Orleans Public Service, Inc., 347 So.2d 295 (La.App. 4th Cir.1977).
The trial judge provided the following reasons for judgment:
“Although there is some discrepancy in the testimony of plaintiff, as contrasted with other witnesses, the Court is of the opinion, based upon the testimony of defendant’s bus driver, that the accident was caused by the impatience of the bus driver whose insistence on collecting the five cents due his employer caused plaintiff to be standing when the bus was suddenly brought to a stop, apparently in order to avoid a collision with another vehicle. At this point, plaintiff was thrown to her knees striking her arm and/or shoulder on the metal portion of the seat or handrail.
“The Court is of the opinion that the injuries were of a minor nature, requiring only a few days more than one month of treatment, at the end of which plaintiff had fully recovered and was discharged by the treating physician. There is no evidence to support any lost wages. The Court is of the opinion that an award of $1,200.00 plus the medical expense of $300.00 would be adequate and not excessive.”
I. Credibility
Six witnesses were called at trial: Sandra Tucker, the plaintiff; Alvin Lloyd Jones, the bus driver; and Claudette Bannister, Alberta Davis, Lionel and Salena Brice, all passengers.
Miss Bannister and Miss Davis both testified that they heard the driver instruct plaintiff to come forward and deposit an *547 additional fare amount while the bus was in motion. All four witnesses testified that none of the seated passengers were injured or thrown from their seats. The bus driver testified that he was running behind schedule at the time that plaintiff first entered the bus.
In cases of factual determinations, this court must give great deference to the credibility determinations and factual findings of the trial judge who has the opportunity to observe the demeanor of the witnesses. Hence, on appeal, this court’s scope of review is limited to a finding of whether the trial judge was not merely erroneous, but manifestly erroneous in his factual determinations. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We cannot conclude that the trial judge was manifestly erroneous in the instant appeal.
II. Blackmore v. NOPSI
Turning to the second issue, the case of Blackmore v. NOPSI, above, is clearly distinguishable. In the instant case the passenger was acting upon the driver’s instructions when she walked forward thus placing her in a standing position while the bus was in motion. In Blackmore, no such interchange of discussion or instruction by the driver was involved. As so succinctly stated in plaintiff’s brief: .. the driver’s negligence was in demanding that a passenger come forward and deposit the fare while the bus was maneuvering in busy CBD traffic.”
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.