674 So.2d 417 (1996)
Jorge RULLAN
v.
Ricardo ADOBBATI, and Allstate Insurance Company.
No. 96-C-0848.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1996.
*418 Lyman L. Jones, Jr., New Orleans, for Relator.
James L. Donovan, Jr., Kenneth W. Andrieu, Donovan & Lawler, Metairie, for Respondent.
Before BYRNES, WALTZER and LANDRIEU, JJ.
WALTZER, Judge.
Relator urges this court to reverse a judgment of the trial court granting discovery of raw notes of a treating psychiatrist, after the psychiatrist had been deposed and furnished protocols for the treatment afforded. Relator specifically urges that these communications are privileged, because they represent the innermost thoughts, dreams and fantasies of Relator-patient recorded for treatment purposes. Relator has furnished us with an affidavit of the psychiatrist, Dr. Woodbury. This affidavit was not part of the record in the trial court and, therefore, will not be considered by this court.
Relator asserts that the trial court erred in ordering discovery for in camera inspection, despite the fact that he has withdrawn Dr. Woodbury as a witness in the proceeding and, has withdrawn his medical reports and claim for his bill in the amount of $10,000. Relator, however, did not withdraw his claims for all psychiatric damages.
While we are mindful that psychiatric treatment is unlike any other form of medical treatment and includes utterances which may include personal feelings, dreams, fantasies, ideations and other products of the unconscious imagination, we are also mindful of Respondents' right to discovery under the law. Louisiana Code of Evidence art. 510 provides that a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of diagnosis or treatment of his health condition. However, the same article provides that there is no privilege in a non-criminal proceeding, when the communication relates to the health condition of a patient who brings or asserts a personal injury claim in a judicial ... proceeding. La.C.E. art. 510(B)(2)(a). There is *419 no doubt that the information furnished to Dr. Woodbury is confidential, but Relator waived the privilege when he filed a personal injury action seeking damages including psychiatric treatment from various psychiatrists. Although Relator has removed the item of damages as it pertains to his treatment in Puerto Rico by Dr. Woodbury, Relator's claims for damages to his psyche and treatment obtained through two local psychiatrists still remain to be considered under the pleadings.
Louisiana Code of Civil Procedure articles 1422-1425 define the scope of permissible discovery. La.C.C.P. art. 1422 permits discovery of all matters, not privileged, which are relevant to the subject matter of the action. Hodges v. Southern Farm Bureau Casualty Ins. Co., 433 So.2d 125, 129 (La.1983). It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Generally speaking, the party seeking an order to compel discovery has the burden of proving that the discovery sought is within the scope of La. C.C.P. article 1422. Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La.App. 2 Cir. 1988). A trial court has broad discretion in handling discovery matters. Laburre v. East Jefferson General Hosp., 555 So.2d 1381 (La. 1990). On the evidence before the trial court (the trial court rendered judgment ordering discovery on 6 March 1996; Dr. Woodbury's affidavit filed with the writ application is dated 10 April 1996), the trial court did not abuse its discretion when she ordered that Dr. Woodbury's written notes be produced for in camera inspection. We are confident that the trial court will exercise its discretion to protect the privacy of those who are not party to this lawsuit and to prevent disclosures which have no bearing on the subject matter of the underlying petition; the trial court may, in its discretion, order that some or all of these records be sealed.
ACCORDINGLY, Relator's application is DENIED.