921 So.2d 1012 (2005)
Sheri NEWCOMER
v.
AMERICAN HOME ASSURANCE COMPANY, et al.
No. 2005-C-1242.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 2005.
*1013 Peter A. Feringa, Jr., Douglas L. Grundmeyer, Scott C. Barney, Keith C. Armstrong, Chaffe McAll, L.L.P., New Orleans, LA, for Tyco Healthcare Group, LP, American Home Assurance Company and Curtis Amann.
Lawrence D. Wiedemann, Wiedemann & Wiedemann, New Orleans, Louisiana, for Sheri Newcomer.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS JR., Judge ROLAND L. BELSOME).
PATRICIA R. MURRAY, Judge.
The issue presented is whether the trial court abused its discretion in finding Curtis Amann's initial interview record pertaining to his treatment at Addiction Recovery Resources of New Orleans, Inc. ("ARRNO") discoverable. Relators contend that the initial interview record is not discoverable for the following three reasons: (i) it is privileged under Louisiana law, La. C.E. art. 510, which codifies the health care provider-patient privilege; (ii) it is also privileged under federal law, 42 U.S.C. § 290dd-2, which provides a privilege for certain substance abuse records; and (iii) it is irrelevant. Because we find these arguments persuasive, we grant Relators' writ application and reverse the trial court's order finding the initial interview record discoverable.
First, the Louisiana health care provider-patient privilege covers communications relating to treatment for "a condition induced by alcohol, drugs, or other substance." La. C.E. art. 510 A(9)(defining the term "health condition"). The privilege thus applies to the initial interview record at issue. Although there are numerous exceptions to the privilege, none of the pertinent exceptions applies.
Second, as Relators contend, the initial interview record in question is also protected by an overriding federal privilege under 42 U.S.C. § 290dd-2, which provides:
Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance-abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.
42 U.S.C. § 290dd-2(a).[1] The purpose of this statute is to encourage people to seek drug abuse treatment. "Congress felt `the strictest adherence' to the confidentiality provision was needed, lest individuals in need of drug abuse treatment be dissuaded from seeking help." Fannon v. Johnston, 88 F.Supp.2d 753, 757 (E.D.Mich.2000)(quoting Ellison v. Cocke County, Tennessee, 63 F.3d 467, 470 (6th Cir.1995)).
The federal substance abuse privilege is very broad in scope. It covers "any information (including information on referral or intake) about ... drug abuse patients" obtained by a "federally assisted" program. 42 C.F.R. § 2.12(e)(1). The *1014 privilege thus includes the initial interview record at issue here. For purposes of this privilege, a "federally assisted" program is defined as including a nonprofit entity that qualifies for federal tax-exempt status under § 501(c)(3) of the Internal Revenue Code. 42 C.F.R. § 2.12(b)(4). In the trial court, ARRNO presented an affidavit from its director who attested that ARRNO is a tax-exempt entity under § 503(c)(3). The ARRNO record at issue is thus covered by the substance abuse privilege.
In order to overcome the substance abuse privilege, the party seeking production, absent the patient's consent, has the burden of establishing "good cause," which includes "the need to avert a substantial risk of death or serious bodily harm." 42 U.S.C. § 290dd-2(b)(2)(C). Simply because a substance abuse record may be relevant to the litigation is not "good cause." Mosier v. American Home Patient, Inc., 170 F.Supp.2d 1211, 1214 (N.D.Fla.2001). As the court in Mosier explained, "[t]he public interest in protecting the confidentiality of these records, absent some compelling need in litigation, is great." 170 F.Supp.2d at 1215. Indeed, "it will be the exceptional case that meets the good cause requirements of 42 U.S.C. § 290dd-2(b)(2)(C) and 42 C.F.R. § 2.64(d)." Fannon, 88 F.Supp.2d at 766. This is not such a case.[2]
Finally, the relevance of the initial interview record to the punitive damage claim the plaintiff is asserting is questionable. The trial court alluded to the questionable relevance of this record in its judgment by noting that "the treatment occurred several months after the accident" and that the initial interview record "may have probative value." Given the questionable relevance of the initial interview record coupled with the highly confidential and privileged nature of a substance abuse record, we find that the trial court abused its discretion in finding this record discoverable.
WRIT GRANTED.
LOVE, J., dissents and assigns reasons.
BELSOME, J., dissents with reasons.
LOVE, J., dissents and assigns reasons.
I respectfully dissent. I find that the trial court did not abuse its discretion as it relates to the production of Curtis Amann's initial interview record pertaining to his treatment at Addiction Recovery Resources of New Orleans, Inc. ("ARRNO").
Relators assert that the initial interview record is not discoverable because it is privileged under both Louisiana law and Federal law. The majority opines that, in accordance with La. C.E. art. 510 A (9), the Louisiana health care provider-patient privilege covers communications relating to treatment for a condition induced by alcohol, drugs, or other substance, to which the exceptions to this article are not pertinent. The exceptions to La. C.E. art. 510 A (9), provide that there is no privilege under this article in a noncriminal proceeding as to a communication:
"When the communication is relevant to an issue of health condition of the patient in any proceeding in which the patient is a party and relies upon the condition as an element of his claim or defense.
La. C.E. art. 510(B)(2)(c).
After careful review of the record before us, I find that La. C.E. art. 510(B)(2)(c) is *1015 inapplicable, as Tyco has not relied upon the condition of Amann as an element of their claim or defense. However, La. C.E. art. 510(B)(2)(i) provides the following exception to the health care provider-patient privilege communications:
"When the communication is one regarding the blood alcohol level or other tests for the presence of drugs of a patient and an action for damages for injury, death, or loss has been brought against the patient."
Accordingly, I respectfully dissent with the majority, insofar as I find that this exception is pertinent to the instant action. The trial court conducted in camera review of the initial interview record, and granted a limited version of plaintiff's motion to discover defendant's medical records regarding treatment for addiction after the accident. In light of the exception codified as La. C.E. art. 510(B)(2)(i) and deference the trial court must be given in making factual findings, I cannot say the trial court was manifestly erroneous.[1]
The federal statute, 42 U.S.C. § 290dd-2(b)(2)(C), which governs privilege for communications relating to certain substance abuse records, provides:
If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure.
42 U.S.C. § 290dd-2(b)(2)(C)
A determination as to whether good cause is shown, is a factual determination to be made by the trial court. The statute requires the court to weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. In cases of factual determinations, this court must give great deference to the credibility determinations and factual findings of the trial judge. Hence, on appeal, this court's scope of review is limited to a finding of whether the trial judge was not merely erroneous, but manifestly erroneous in his factual determinations and such determinations may not be disturbed unless they are manifestly erroneous. See Tucker v. New Orleans Public Service, Inc., 429 So.2d 545 (La.App. 4 Cir.1983). Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Subsequent to conducting an in camera review of the requested documents, hearing arguments of counsel, considering the law, evidence, and pleadings filed by both parties in the instant matter, the trial court granted a limited version of plaintiff's motion to discover defendant's medical records regarding treatment for addiction after the accident. Accordingly, I do not find that the trial court was manifestly erroneous in its determination that good cause existed for the discovery of the initial interview record.
In that this is a discovery matter and the trial court, as the gatekeeper, would be the ultimate decider of admissibility, I would grant the writ application, deny the relief sought by the relator as to the production of the initial interview record, and *1016 in accordance with 42 U.S.C. § 290dd-2(b)(2)(C), order the trial court to impose appropriate safeguards against unauthorized disclosure.
BELSOME, J., dissents with reasons.
I respectfully dissent. I would deny the writ.
The trial judge is given the duty and responsibility to maintain the integrity of judicial proceedings so that the parties receive a fair trial. In the case at hand, the trial judge was asked to balance the privacy rights of a party who is a drug treatment recipient and the public's interest in having evidence presented in a forthright manner.
Plaintiff alleges that defendant was intoxicated at the time of an accident where defendant was driving his employer's car and pulled in front of plaintiff's car, causing the plaintiff serious injury. After an in camera review, the trial court granted a limited version of plaintiff's motion to discover a defendant's medical records regarding treatment for addiction after the accident occurred.
In reviewing the appropriateness of the trial court's motion, we are called upon to interpret LSA-C.E. art. 510(B)(2)(c), which provides an exception to the privilege on communications between a patient and his physician. It reads:
"When the communication is relevant to an issue of the health condition of the patient in any proceeding in which the patient is a party and relies upon the condition as an element of his claim or defense ..." LSA-C.E. Art. 510(B)(2)(c).
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. See Pepper v. Triplet, 03-0619, pp. 17-18 (La.1/21/04); 864 So.2d 181, 193-94.
After performing an in camera review of the requested documents, the trial court limited discovery to the patient's initial interview with a treatment facility. This writer is confident that the trial court will exercise its discretion to protect the privacy of Mr. Amann and prevent disclosures which have no bearing on the subject matter of the underlying petition. See Rullan v. Adobbati, 96-0848, p. 3 (La.App. 4 Cir. 1996); 674 So.2d 417, 419. A trial court has broad discretion in handling discovery matters. Laburre v. East Jefferson General Hosp., 555 So.2d 1381 (La.1990). "The (trial) judge is familiar with the litigation, has dealt with the entire record to date, has observed the attorneys' conduct and their cooperation or lack thereof. Discovery statutes are to be liberally construed in order to achieve their intended objectives." Goldstein v. St. Paul Fire & Marine Ins. Co., 95-2542 (La.App. 4 Cir. 1995); 665 So.2d 1267, 1271. In this context, the trial judge performed an in camera inspection of the entire record. After that review, the trial court limited discovery to the text of the initial interview. This was reasonable judicial action.
The concern in denying the limited production of these records is that it could and may lead to false and fraudulent pleadings being filed, as well as prevent any possibility of confrontation and impeachment of false testimony. Accordingly, the undersigned believes that trial court judge did not abuse her discretion in allowing the initial interview to be discovered, and I would deny the writ.

Violation of Federal Law Claim
Relator Tyco Healthcare Group also argues that federal law prohibits discovery of the document because it is a substance-abuse treatment record. 42 U.S.C. § 290dd-2(a), recognizes and maintains *1017 the confidentiality of substance-abuse treatment records:
Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section. 42 U.S.C. § 290dd-2(a).
The Department of Health and Human Services regulations implementing the confidentiality provisions are found at 42 C.F.R. § 2.1-2.67. These federal regulations provide further instruction on when it is appropriate to allow discovery and introduction of substance abuse treatment records. 42 C.F.R. § 2.63 provides:
(a) A court order under these regulations may authorize disclosure of confidential communications made by a patient to a program in the course of diagnosis, treatment, or referral for treatment only if:
(3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications. 42 C.F.R. Ch. 1 Part 2, § 2.63.
42 U.S.C. § 290dd-2(b) also provides three exceptions to the prohibition on releasing substance abuse treatment records. Exceptions should be allowed in the limited cases of "medical emergency," scientific research, or "[i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefore ..."[1] "In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." 42 U.S.C. § 290dd-2(b)(2)(C).
Implicit in the trial court's decision is the acknowledgement of good cause. The defendant offered significant testimony about his addiction, his arrest for attempting to buy prescription painkillers with a fraudulent prescription, and his entry into substance abuse treatment. The trial court reached this decision after considering the law and the evidence, hearing arguments of counsel, viewing medical records in camera, taking the matter under careful advisement, and having read the briefs of both sides. In allowing limited introduction of the defendant's initial interview with Addiction Recovery Resources of New Orleans, this writer is confident that the trial court made an informed decision. Accordingly, I would deny the writ.
NOTES
[1] See La. C.E. art. 510, 1992 Official Comments (1992), comment (g)(noting that "[c]ertain health care communications are subject to overriding federal privileges and/or regulatory protective measures" and citing as illustrative 42 U.S.C.A. § 290ee-3 (now § 290dd-2), which provides for the confidentiality of patient records maintained in connection with performance of federally supported drug abuse prevention function).
[2] We also note, as Relators point out, that the federal statute requires that in the event a court orders disclosure, it must provide protective measures to limit the disclosure, such as ordering the record sealed. 42 U.S.C. § 290dd-2(b)(2)(C)(providing the court "shall impose appropriate safeguards against unauthorized disclosure.") This requirement was not complied with in this case.
[1] Only the trial court has had an opportunity to review the contents of the medical records and make an appropriate determination as to the status of the initial interview record.
[1] 42 U.S.C. § 290dd-2(b)(2)(C)