| | | |
|---|---|---|
| **GEORGE HAMILTON** | * | **NO. 2022-CA-0106** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **NATIONAL UNION FIRE** | * | |
| **INSURANCE COMPANY,** | | **FOURTH CIRCUIT** |
| **CARL J. BIGGERS,** | * | |
| **ALLSTATE INSURANCE** | | **STATE OF LOUISIANA** |
| **COMPANY, SHEDRICK** | * * * * * * * | |
| **WARREN AND WAL-MART** | | |
| **TRANSPORTATION, L.L.C.** | | |

| | |
|---|---|
| <u>**CONSOLIDATED WITH:**</u> | <u>**CONSOLIDATED WITH:**</u> |
| **SHEDRICK WARREN AND** | **NO. 2022-CA-0107** |
| **DANIEL SMITH** | |
| **VERSUS** | |
| **NATIONAL UNION FIRE** | |
| **INSURANCE COMPANY, WAL-** | |
| **MART TRANSPORTATION, INC.,** | |
| **CARL J. BIGGERS AND** | |
| **ALLSTATE INSURANCE** | |
| **COMPANY** | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-04181, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**JAMES F. MCKAY III**
**JUDGE PRO TEMPORE**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge Pro
Tempore James F. McKay III)

**LOVE, C.J., CONCURS**
**ATKINS, J., CONCURS FOR THE REASONS ASSIGNED BY CHIEF**
**JUDGE LOVE**

VANESSA MOTTA
MOTTA LAW LLC
3632 Canal Street
New Orleans, Louisiana 70119
        Counsel for Plaintiff/Appellant

KRISTINE K. SIMS
ATTORNEY AT LAW
2341 Metairie Road
Metairie, LA 70001
     Counsel for Appellee, Non-Party, Wayne Winkler

SIDNEY J. HARDY
CHRISTOPHER JAMES-LOMAX
MCCRANIE, SISTRUNK, ANZELMO, HARDY, MCDANIEL & WELCH, LLC
909 Poydras Street, Suite 1000
New Orleans, Louisiana 70112
     Counsel for Appellees/Defendants, National Union Fire Insurance Company,
     Carl J. Biggers and Walmart Transportation, L.L.C.

**CONSOLIDATED APPEAL CONVERTED TO WRITS; WRIT DENIED**

**JFM**

This consolidated appeal involves an alleged motor vehicle accident that occurred on April 30, 2018, between Carl Biggers, the driver of a Wal-Mart tractor-trailer and a GMC Sierra. Plaintiffs, George Hamilton, Shedrick Warren and Daniel Smith (hereafter collectively referred to as "plaintiffs"), filed this action against Wal-Mart Transportation, LLC, National Fire Insurance Company, and Carl Biggers (hereafter referred to collectively as "Wal-Mart"). Plaintiffs are seeking review of the District Court's November 4, 2021 interlocutory judgment granting Wal-Mart's Motion to Quash/Request for Protective Orders, and denying plaintiffs' interlocutory Motion to Compel, Motion for Contempt, and Request for Sanctions.

At the onset, we note that the District Court's judgments are interlocutory. Accordingly, in the interest of justice, and especially considering that this instant appeal was filed within the delays allowed for applying for supervisory writs, we convert the pending appeal to a writ application for review under our supervisory

1

jurisdiction.[1]  Therefore, after converting this consolidated appeal to a supervisory writ, we deny the writ, and remand this matter to the District Court for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

On April 30, 2019, plaintiffs filed suit against defendants in connection with personal injuries allegedly resulting from a motor vehicle accident, which occurred on the I-610 in New Orleans on or about April 30, 2018.

As part of Wal-Mart's affirmative defenses, it pled that plaintiffs were comparatively negligent and intentionally caused the accident.  In support of its affirmative defenses, Wal-Mart retained Wayne D. Winkler ("Winkler") as their accident reconstruction and accident investigation expert to opine and testify on the causation of the alleged accident.  Wal-Mart also retained Claims Bureau USA, Inc. ("Claims Bureau") and its director of Fraud Services, Amy DiMambro ("DiMambro"), to investigate the plaintiffs in the instant matter.

On August 11, 2021, plaintiffs issued a notice of records only deposition *subpoena duces tecum* to Winkler for discovery materials with a return date of August 31, 2021 and DiMambro for discovery materials with a return date of September 1, 2021.  The District Court's scheduling order set August 27, 2021, as the deadline for completing discovery.

---

[1] The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writ.  *See* La. C.C.P. art. 1841.  Further, appellate courts have the authority to exercise supervisory jurisdiction if the appellant filed a motion for appeal within the 30-day time period provided for the filing of an application for supervisory writs under Uniform Rules Courts of Appeal, Rule 4-3.  *Burmaster v. Plaquemines Parish Gov't*, 2007-2432 (La. 5/21/08), 982 So.2d 795.

2

On August 27, 2021, Winkler timely submitted objections to the subpoena to plaintiffs' counsel by e-mail and stated that he would provide the documents related to the requests, in accordance with La. C.C.P. art. 1425 and Fed. R. Civ. P. Rule 26, and that upon receipt of payment in the amount of $590.00 to cover the costs in responding to the requests. Counsel for plaintiffs did not respond to the e-mail nor did Winkler receive a check for his cost to respond to the discovery request. Further, without initiating a Rule 10.1 of the Rules for Louisiana District Courts discovery conference to discuss objections plaintiffs chose to file a Motion to Compel, a Motion for Contempt and a Request for Sanctions[2].

On September 20, 2021, Wal-Mart filed a Motion to Quash/Requests for Protective Orders.

On October 20, 2021, DiMambro, on behalf of Claims Bureau filed a motion adopting in its entirety Wal-Mart's Motion to Quash Notice of Records Only Deposition issued to Claims Bureau and Request for Protective Order.

On November 4, 2021, the District Court granted Wal-Mart's Motion to Quash/Requests for Protective Orders and denied plaintiffs' Motion to Compel,

---

[2] Rule 10.1 Motions To Compel Discovery:

    (a) Before filing any motion to compel discovery, the moving party or attorney shall confer in person or by telephone with the opposing party or counsel for the purpose of amicably resolving the discovery dispute. The moving party or attorney shall attempt to arrange a suitable conference date with opposing party or counsel and confirm the dates by written notice sent at least five (5) days before the conference date, unless an earlier date is agreed upon or good cause exists for a shorter time period. If by telephone, the conference shall be initiated by the person seeking the discovery responses.

    (b) No counsel for a party shall file, nor shall, any clerk set for hearing, any motion to compel discovery unless accompanied by a "Rule 10.1 Certificate of Conference" ….

Motion for Contempt, and Request for Sanctions. The District Court noted that plaintiffs were seeking documents after the discovery deadline of August 27, 2021, in contravention of the court's scheduling order. On November 30, 2021, plaintiffs timely filed their Petition for Devolutive Appeal, which the District Court signed on December 1, 2021. This appeal follows.

**DISCUSSION**

Plaintiffs assert that the District Court erred in allowing Wal-Mart to file a Motion to Quash and Protective Order on behalf of Claims Bureau because they lacked standing. Additionally, plaintiffs assert that the District Court erred in finding that Claims Bureau and Winkler were entitled to a Protective Order. Further, averring that the District Court erred in finding that Claims Bureau and Winkler were not in contempt of court for failing to produce documents pursuant to plaintiffs' *subpoena duces tecum*.

Plaintiffs argue that defendants, specifically Wal-Mart, did not have any personal right in the records requested in the *subpoena duces tecum* and did not have any legal or procedural right to make any such objections to the production of the "non-party" records. Plaintiffs also assert that DiMambro did not have standing to file objections on behalf of Claims Bureau as their *subpoena duces tecum* was served on Claims Bureau, not DiMambro.[3] Plaintiffs claim that DiMambro should not have been allowed to respond to the Motion to Compel and Motion for Contempt in her individual capacity. Further, plaintiffs assert that Wal-

---

[3] DiMambro filed an objection to plaintiffs' subpoena served on Claims Bureau.

4

Mart did not have standing to respond to the *subpoena duces tecum* that was served on Winkler along with a Motion to Compel and Motion for Contempt.

First, as we noted above, Wal-Mart retained Winkler as their accident reconstruction and accident investigation expert to opine and testify on the causation of the alleged accident. In addition, Wal-Mart retained Claims Bureau and its director of Fraud Services, DiMambro to investigate plaintiffs in the instant matter.

Wal-Mart argues that many of plaintiffs' subpoena requests to Winkler were items that were beyond what is specified in La. C.C.P. art 1425(B). Thus, Wal-Mart asserts that it has standing to limit the scope of plaintiffs' discovery request to their expert, Winkler.

Winkler asserts that plaintiff's argument concerning Wal-Mart's standing to file a Motion to Quash, and Motion for Protective Order is moot because he has retained his own counsel after being served with plaintiffs' Motion for Contempt. Further, Winkler asserts that he is and was willing to produce all documents discoverable under La. C.C.P. art. 1425, subject to receipt of payment for his reasonable cost incurred to respond to the discovery request pursuant to La. C.C.P. art. 1425 (D)(3). Therefore, he met his burden by demonstrating good cause not to produce documents based on plaintiffs' failure to pay his cost incurred in responding to plaintiffs' subpoena. Additionally, plaintiffs' failure to challenge the reasonableness of these costs. Winkler asserts that counsel for the plaintiffs never responded to e-mails concerning production of documents. Plaintiffs' counsel admitted at the November 4, 2021 hearing that she never responded to Winkler's e-mail because, "He does not state what he is going to provide and all he says is give

me $595. There is no list of what he is actually providing." Counsel chose to file a Motion for Contempt and Motion to Compel instead of seeking sanctions against Winkler for not responding to her subpoena.

La. C.C.P. art. 1426 (A)(1) in pertinent part:

> Upon the motion by a party or [a] person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, [requires] the court in the district where the deposition is to be taken may… order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) That the discovery not be had.

Plaintiffs assert that DiMambro did not have standing to file objections on behalf of Claims Bureau as their *subpoena duces tecum* was served on Claims Bureau not DiMambro. Additionally, plaintiffs assert that DiMambro should not have been allowed to respond to the Motion to Compel and Motion for Contempt in her individual capacity.

Here, many of plaintiffs' subpoena requests to Claims Bureau sought documents created in anticipation of litigation and privileged communications and materials between Wal-Mart and its private investigator. Furthermore, as noted above, on October 20, 2021, DiMambro, on behalf of Claims Bureau, filed a motion adopting in its entirety Wal-Mart's Motion to Quash Notice of Records Only Deposition issued to Claims Bureau and the request for protective order.

Based on the transcript of the November 4, 2021 hearing, the District Court, references the failure of the parties, specifically plaintiffs, failed to adhere to the pre-trial discovery deadline of August 27, 2021. In relevant excerpts from the November 4, 2021 hearing, the District Court said during the colloquies:

So the deadline is the 27th.  So discovery is over with.  I am trying to understand why didn't you do this sooner ?...

. . . .

[M]y point is you let discovery the deadline, which you agreed to, pass.  Now you want all of this – you want everything they have in the warehouse to be produce to you a lot of this information could have been acquired during a deposition…

. . . .

…[I] am just upset that you guys had a deadline.  You made [up] your own deadlines.  Now they did not give it to you or you did not ask for it until later after the deadline, and now you want all this information to come when you should have had a deposition.

Hence, it is clear that the District Court concluded that plaintiffs' Motion to Compel and Motion for Contempt were without merit.

It is well settled that, "[t]he trial court has broad discretion when regulating pre-trial discovery, which will not be disturbed on appeal [absence of] a clear showing of abuse." *Trichell v. McClure*, 2021-1240, p. 8 (La. App. 1 Cir. 4/8/22), 341 So.3d 856, 862.  Similarly, [a] trial court has discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion. *Jones v. Quality Distribution, Inc.*, 2022-0104, p. 3-4 (La. App. 4. Cir. 9/14/22) --- So.3d ----, 2022 WL 4241866, (citing *Hutchinson v. Westport Ins. Co.,* 2014-1592, p. 2 (La. 11/8/04), 886 So.2d 438, 440).

La. C.C.P. art. 1426(A) vests a court with the authority to issue "any order, which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense…"  In furtherance of this authority, a court may order "[t]hat the discovery not be had."  La.C.C.P. art. 1426(A)(1).  "It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse." *Mook v. Illinois Cent. R.R. (Co.,* 631 So.2d 401, 406 (La. 1994) (citing, Folds v. Red Arrow Towbar Sales, 378 So.2d 1054, 1057 (La.App.2d

Cir.1979).[4] The party seeking to compel discovery has the burden of proving that discovery sought is within the scope of the discovery articles. *See Fuller v. Wal-Mart Stores, Inc.*, 519 So.2d 366 (La. App. 2 Cir. 1988); *Rullan v. Adobbati*, 1996-0848, p. 2 (La. App. 4 Cir. 5/8/96), 674 So.2d 417, 419.

After reviewing the record and the issues briefed, it is clear that the District Court did not abuse its discretion in granting Wal-Mart's Motion to Quash and Motion for Protective Order. Furthermore, we agree with the trial court that plaintiffs' request for discovery, *via* the Motion to Compel and the Motion for Contempt, along with the Motion for Sanctions, fell out of the ambit of discovery deadlines and within the District Court's discretionary authority to deny.

Accordingly, finding no abuse of discretion in the District Court's judgment, this writ application is denied.

**CONSOLIDATED APPEALS CONVERTED TO WRITS; WRIT DENIED**

---

[4] Holding modified by *Wolford v. JoEllen Psych. Hosp.*, 1996-2460 (La. 5/20/97), 693 So.2d 1164.